# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0146-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY THOMAS,
a/k/a THOMAS ANTHONY,

    Defendant-Appellant.

_____

Submitted November 14, 2019 — Decided November 25, 2019

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 05-07-1837.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an August 1, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On January 4, 2006, defendant pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Pursuant to the plea agreement, the State agreed to dismiss the remaining count of sexual assault. On March 15, 2006, defendant was sentenced to four years of incarceration, Megan's law registration, a psychological evaluation at the Adult Diagnostic Treatment Center, DNA testing, mandatory fines, and parole supervision for life (PSL). Defendant was on probation at the time of his offense; he previously pled guilty to aggravated assault, which was amended from aggravated sexual assault, and the terms of his probation included no contact with children under the age of sixteen. As a result, his sentence in this case ran concurrent to a sentence for violation of probation. Defendant did not appeal from his conviction and instead filed a PCR petition in August 2017, over eleven years after entry of his judgment of conviction, and six years beyond the five-year time bar set forth in Rule 3:22-12(a)(1)(a).

Defendant's PCR petition asserted his sentence to PSL was an illegal ex post facto violation. He argued his plea counsel was ineffective and misled him to believe he was entering a plea to "lewdness," not endangering the welfare of

a child.  Defendant also asserted the judge who accepted his plea did not explain the consequences of the plea to him.  Defendant argued the PCR judge should consider his claims and not apply the time bar because neither the judge, nor his counsel at the time of the plea or sentencing, explained there was a five-year time limit to file a PCR petition or the time period for appeal.

In a thorough, nineteen-page written decision, the PCR judge quoted the sentencing transcript, wherein the sentencing judge expressly advised defendant of the time period for appeal and defendant acknowledged the advice.  Thus, the PCR judge concluded defendant's claim he was not advised of his right to appeal was "simply not true."  Furthermore, the judge found:

> [t]his discrepancy with regard to [d]efendant's appeal rights casts doubt on the accuracy of his parallel claim that he was simply never told about [PCR].  Moreover, [defendant] was not as naïve to the criminal justice process as he depicts, as he was already serving a term of probation at the time of his plea and sentencing.

The judge also concluded defendant's late PCR petition prejudiced the State because the victim, who was seven years old at the time of the offense, was now twenty and would not want to re-live the incident.  The judge stated: "Memories have faded with the passage of time.  The State's proofs have spoiled."

A-0146-18T4

Defendant's arguments regarding ex post facto law and the legality of his sentence were rejected. Relevant to the issues raised on this appeal, the judge also found defendant understood "the nature and consequences of PSL . . . ." Citing the plea transcript and the transcript of a subsequent hearing to review the Megan's law form, the PCR judge noted the judge who took defendant's plea reviewed the entirety of defendant's sentence with him, answered defendant's questions, confirmed defendant had no questions of the court or his plea counsel, and confirmed defendant was satisfied with plea counsel's services.

The judge also cited the sentencing transcript wherein defendant claimed he believed he pled guilty to "lewdness" as opposed to the endangerment. The PCR judge noted defendant again acknowledged during his sentencing that he understood the consequences of his sentence, including PSL, and had not lied to the judge when he testified similarly during the plea.

The judge concluded plea counsel was not ineffective because defendant was charged with a second-degree offense and instead pled guilty to a third-degree offense. The judge found defendant was aware of the consequences of his sentence and only disputed his plea because "he has had to face the consequences of [his] decision."

A-0146-18T4

The PCR judge concluded there were no grounds for an evidentiary hearing because defendant did not demonstrate a prima facie case of ineffective assistance of counsel.  Additionally, a hearing would not provide further details to help understand defendant's claims, counsel's file from the time of defendant's plea and sentence "long since disappeared," and the outcome would not change.

Defendant raises the following points on appeal:

> POINT ONE – MR. THOMAS IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM HIM ADEQUATELY OF THE REQUIREMENTS AND CONSEQUENCES OF HIS PLEA, INCLUDING PAROLE SUPERVISION FOR LIFE AND CIVIL COMMITMENT.

> POINT TWO – THE PCR COURT ERRONEOUSLY RULED THAT MR. THOMAS'S PETITION WAS TIME BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

"Our standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony.  In such circumstances we will uphold the PCR court's findings that are supported by sufficient credible

5

evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013).  However, "where . . . no evidentiary hearing was conducted, we may review the factual inferences the court has drawn from the documentary record de novo."  State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

After reviewing the record in light of the applicable legal standards, we conclude defendant's arguments are uniformly without merit, and affirm substantially for the reasons expressed by the PCR judge.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION